FILED
United States Court of Appeals
Tenth Circuit

July 18, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JUAN PABLO BELTRAN,

      Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

      Respondent.

No. 13-9500
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **ANDERSON**, and **MATHESON**, Circuit Judges.

Juan Pablo Beltran, appearing pro se, petitions for review of a decision of the

Board of Immigration Appeals (BIA), dismissing his appeal from an Immigration

Judge's (IJ's) denial of his request for a custody redetermination hearing. We

dismiss the petition for review for lack of jurisdiction.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Beltran is a native and citizen of El Salvador who arrived in this country in 1992. In 2006, he was served with a Notice to Appear (NTA), charging him with being removable as an alien convicted of a crime involving moral turpitude (making false statements in violation of 18 U.S.C. § 1001), *see* 8 U.S.C. § 1182(a)(2)(A)(i)(I), and as an alien present in the United States without being admitted or paroled, *see* 8 U.S.C. § 1182(a)(6)(A)(i). Later that year, an IJ granted Mr. Beltran's counseled request to admit to the charges contained in his NTA and ordered him removed to El Salvador. Mr. Beltran did not appeal the IJ's decision, and it is an administratively final order of removal. *See* 8 C.F.R. § 1003.39; *id.* § 1241.1(c).

In January 2012, Mr. Beltran was arrested by the Department of Homeland Security's Fugitive Operations team and detained in Nevada. He remains in custody there. Shortly after his arrest (and more than five years after the IJ entered the final order of removal), Mr. Beltran filed in Colorado a pro se motion to reopen his removal proceedings. An IJ denied the motion as untimely, and the BIA affirmed the IJ's decision and dismissed the appeal. Mr. Beltran did not petition for review of that decision.

Next, Mr. Beltran filed—in Nevada—a pro se motion for a custody redetermination hearing, which was denied for lack of jurisdiction. Mr. Beltran then filed—in Colorado—a pro se motion for a custody redetermination hearing. It too was denied for lack of jurisdiction. Mr. Beltran appealed. On November 19, 2012, the BIA dismissed the appeal for want of jurisdiction, stating:

[Mr. Beltran] is subject to a final administrative order of removal entered . . . on June 7, 2006. *See* 8 C.F.R. § 1241.1(c). The authority of an Immigration Judge delegated to him by the Attorney General of the United States to set bond conditions ceases at the entry of a final administrative order in proceedings under 8 C.F.R. Part 1240. *See* 8 C.F.R. § 1236.1(d). As [Mr. Beltran] is subject to a final administrative order of removal, the Immigration Judge did not have jurisdiction to consider the respondent's bond claim.

Resp't Br. at Ex. A.

Mr. Beltran petitions for review of the BIA's November 19 decision. But judicial review is only authorized for a "final order of removal," 8 U.S.C. § 1252(a)(1), and the November 19 decision is not such an order. *See Hamilton v. Gonzales*, 485 F.3d 564, 565 & n.2 (10th Cir. 2007) (quoting 8 U.S.C. § 1101(a)(47)(A)) (stating that "'order of [removal]'" refers to the administrative order "'concluding that the alien is [removable] or ordering [removal]'"); *Uanreroro v. Gonzales*, 443 F.3d 1197, 1203 (10th Cir. 2006) ("We have general jurisdiction to review only a final order of removal[.]" (internal quotation marks omitted)). Rather, that decision concerns only Mr. Beltran's continued detention and, as such, we are without jurisdiction to review it. *See Sosa-Valenzuela v. Gonzales*, 483 F.3d 1140, 1144 (10th Cir. 2007) (finding no final order of removal and thus no "basis for our jurisdiction" where agency did not "make an express finding that [the alien] was [removable] or order him [removed]").

To the extent Mr. Beltran takes issue with the propriety of the IJ's June 2006 removal order, we are without jurisdiction to consider it because he neither appealed that decision to the BIA nor filed a petition for review. *See Shepherd v. Holder*,

678 F.3d 1171, 1176-77 (10th Cir. 2012) ("Neglecting to take an appeal to the B[oard] constitutes a failure to exhaust administrative remedies as to any issue that could have been raised, negating the jurisdiction necessary for subsequent judicial review." (brackets and internal quotation marks omitted)); *Torres de la Cruz v. Maurer*, 483 F.3d 1013, 1017 (10th Cir. 2007) (observing that that "petitions for review filed with the court of appeals are the sole and exclusive means of review of most administrative orders of removal" (internal quotation marks omitted)). Similarly, to the extent Mr. Beltran challenges the BIA's 2012 decision affirming the IJ's denial of his motion to reopen, we lack jurisdiction to consider it because Mr. Beltran did not file a petition for review from that decision. *See Torres de la Cruz*, 483 F.3d at 1017.

The petition for review is dismissed for lack of jurisdiction. Mr. Beltran's request that the court en banc reconsider the denial of his stay of removal is denied as moot.

Entered for the Court


Stephen H. Anderson
Circuit Judge